# United States Court of Appeals for the Federal Circuit

---

**DERRICK M. ALLEN, SR.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1305

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01793-AOB, Judge Armando O. Bonilla.

---

Decided: December 18, 2023

---

DERRICK MIKE ALLEN, SR., Washington, DC, pro se.

JOSHUA MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, for defendant-appellee. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before DYK, SCHALL, and STARK, *Circuit Judges.*

PER CURIAM.

Derrick Allen filed a pro se complaint in the Court of Federal Claims alleging that the Clerk's Office in the

United States District Court for the Middle District of North Carolina ("Middle District") failed to send him documents related to cases he had filed in the Middle District. Acting *sua sponte*, the trial court dismissed Mr. Allen's complaint for lack of subject matter jurisdiction and imposed an injunction limiting his ability to file future suits. We affirm the dismissal but vacate the sanction, which the Court of Federal Claims may consider re-imposing after providing Mr. Allen notice and an opportunity to be heard.

I

Mr. Allen's complaint in the Court of Federal Claims alleged that the Middle District's Clerk of Court had violated unspecified rights by failing to send Mr. Allen documents from other cases he had also filed in the Middle District. *See* App'x 8.[1] As relief, Mr. Allen sought $50,000 in damages. He did not identify any statutory or other basis for his cause of action.

The Court of Federal Claims reviewed Mr. Allen's complaint and *sua sponte* determined it lacked subject matter jurisdiction. Because Mr. Allen failed to cite a money-mandating statute and alleged a tort claim, the court held he had not stated a claim within the scope of the limited jurisdiction of the Court of Federal Claims. The court then set out Mr. Allen's extensive history of "frivolous litigiousness" and determined, *sua sponte*, that he had repeatedly filed suits "without any consideration of the jurisdiction of [the Court of Federal Claims] or other federal courts." App'x 2-4. In particular, the trial court observed that Mr. Allen had

---

[1]    *See Allen v. Ewell*, No. 19-766 (M.D.N.C. filed July 29, 2019; dismissed Dec. 5, 2022), *aff'd*, No. 22-325 (4th Cir. Mar. 21, 2023); *Allen v. Birkhead*, No. 22-1002 (M.D.N.C. filed Nov. 21, 2022; dismissed without prejudice Mar. 6, 2023). References to App'x indicate the appendix attached to the government's informal brief.

filed at least 24 federal cases in recent years, all of which had been "summarily dismissed for lack of jurisdiction, frivolousness, maliciousness, failure to state a claim, and Federal Rule of Civil Procedure 8 (General Rules of Pleading) deficiencies." App'x 2. Among these cases were seven that had been filed in the Court of Federal Claims, five of which were dismissed for lack of subject matter jurisdiction (the other two having been dismissed by stipulation or for failure to prosecute); three of those were appealed to and affirmed by us. *See* Gov't Informal Br. at 9 n.3 (listing cases).

Based on this history, as well as the case before it, the Court of Federal Claims entered "the following anti-filing injunction:"

> Effective immediately, plaintiff is **ENJOINED** from filing new complaints *pro se* in this Court without first obtaining leave to file from the Chief Judge. If plaintiff seeks to file a new complaint in this Court, he shall submit a Motion for Leave to File and explain why the new complaint is timely and properly before this Court. Any motion for leave to file a new complaint must also include as an attachment a full complaint that satisfies the requirements of RCFC 8.

App'x 4. The anti-filing injunction does not apply to complaints signed by a licensed attorney. *See id.*

Mr. Allen timely appealed. We denied the government's motion for summary affirmance. ECF No. 16 (Apr. 6, 2023). Instead, we ordered the government to file a response brief and address "whether the anti-filing injunction order is improper for lack of notice and an opportunity to be heard." *Id.* The government submitted a brief addressing this issue. ECF No. 18 (May 8, 2023). We have jurisdiction over Mr. Allen's appeal from the final decision of the Court of Federal Claims under 28 U.S.C. § 1295(a)(3).

## II

We review the trial court's dismissal for lack of subject matter jurisdiction de novo. *See Diaz v. United States*, 853 F.3d 1355, 1357 (Fed. Cir. 2017). It is Mr. Allen's burden to show, by a preponderance of the evidence, that the Court of Federal Claims had jurisdiction. *See id.* We agree with the Court of Federal Claims that it lacked subject matter jurisdiction.

Mr. Allen's claim is that the Clerk's Office of the Middle District failed to send him certain documents. His complaint cites the Tucker Act, which gives the Court of Federal Claims jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . or for liquidated or unliquidated damages in cases *not sounding in tort*." 28 U.S.C. § 1491(a)(1) (emphasis added). The Tucker Act does not create substantive rights, so a plaintiff filing in the Court of Federal Claims "must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). "[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." *Id.* at 1173.

As the trial court rightly found, Mr. Allen "fails to cite a money-mandating statute or qualifying provision of law." App'x 2. Additionally, Mr. Allen's complaint is "akin to a customer-service complaint" and "sounds in tort," *id.*, but "[t]he Court of Federal Claims . . . lacks jurisdiction over tort actions against the United States," *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997).

On appeal, for the first time in this case, Mr. Allen raises various constitutional rights he contends the trial court violated, including his Eighth Amendment right to be free from cruel and unusual punishment, a purported Sixth Amendment right to a response to his complaint, and

alleged rights to a jury trial. *See* Appellant Br. at 1-2. In addition to these claims having been forfeited by not being asserted in the trial court, *see Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1296 (Fed. Cir. 2009) ("If a party fails to raise an argument before the trial court, or presents only a skeletal or undeveloped argument to the trial court, we may deem that argument waived on appeal . . . ."), they are also frivolous, as Mr. Allen fails even to try to state a plausible basis for finding that any of these amendments are money-mandating in the circumstances of this case.[2]

Accordingly, we affirm the trial court's dismissal of Mr. Allen's complaint.

## III

"This court reviews the lower court's use of its inherent power to impose sanctions under the abuse of discretion standard." *Arunachalam v. Int'l Bus. Machs. Corp.*, 989 F.3d 988, 996 (Fed. Cir. 2021) (internal quotation marks omitted). "An abuse of discretion occurs when a [trial] court's decision commits legal error or is based on a clearly erroneous assessment of the evidence." *Univ. of Utah v. Max-Planck-Gesellschaft zur Foerderung der Wissenschaften e.V.,* 851 F.3d 1317, 1322 (Fed. Cir. 2017); *see also*

---

[2] We have held in a precedential opinion that the "Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment is not a money-mandating provision." *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (internal quotation marks omitted). We have reached similar conclusions regarding the Sixth and Seventh Amendments in nonprecedential opinions. *See Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002) (nonprecedential) (holding Sixth Amendment is not money-mandating); *Brashear v. United States*, 776 F. App'x 679, 682 (Fed. Cir. 2019) (nonprecedential) (same for Seventh Amendment).

*Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1378 (Fed. Cir. 2009).

In denying the government's motion for summary affirmance without prejudice, we also *sua sponte* directed the government to address whether the Court of Federal Claims had improperly imposed the anti-filing injunction without providing Mr. Allen notice and an opportunity to be heard. Although we do not ordinarily consider issues that are not presented by the parties on appeal, *see, e.g.*, *In re Google Tech. Holdings LLC*, 980 F.3d 858, 864 (Fed. Cir. 2020) ("The burden lies with the applicant to present this argument in the initial instances."); *Rodriguez v. Dep't of Veterans Affs.*, 8 F.4th 1290, 1296 (Fed. Cir. 2021) ("[I]ssues not addressed in the argument section of a party's opening brief are considered [forfeited] . . . ."), we sometimes make an exception for an appellant who was not represented by counsel in the trial court, *see, e.g.*, *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002) ("Under such circumstances, we would normally consider Mr. Ledford to have [forfeited] any arguments asserting jurisdiction . . . . However, because Mr. Ledford is proceeding *pro se,* we will also review the trial court's dismissal of his [other] requests . . . ."); *see also Singleton v. Wulff*, 428 U.S. 106, 121 (1976) (holding that federal appellate courts may raise issues *sua sponte* where "injustice might otherwise result") (internal quotation marks omitted). We find it appropriate here to evaluate whether Mr. Allen had a constitutional right to be provided notice and an opportunity to be heard before he was subjected to an anti-filing injunction. Reviewing this question of law, we conclude that Mr. Allen must be provided such process. *See Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 & n.2 (2014) ("The abuse-of-discretion standard does not preclude an appellate court's correction of a district court's legal or factual error . . . ."); *Univ. of Utah,* 851 F.3d at 1322 (same).

Federal courts have inherent power to sanction bad-faith conduct, including vexatious litigation. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). "A court must, of course, exercise caution in invoking its inherent power," and in doing so, "it must comply with the mandates of due process." *Id.* at 50. Due process requires, at minimum, that "deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950). It is well-settled that access to federal courts is a fundamental right, which cannot be infringed without compliance with due process. *See Chambers v. Baltimore & Ohio R.R. Co.*, 207 U.S. 142, 148 (1907) (holding that access to courts is "the right conservative of all other rights, and lies at the foundation of orderly government"); *see also In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982) ("Access to the courts is a fundamental tenet of our judicial system; legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be.").

We have not previously determined whether imposition of an anti-filing injunction must be preceded by notice and an opportunity to be heard. The government points us to a nonprecedential decision in which we affirmed a sanctions order despite the absence of any indication such protections were provided to the appellant. *See Straw v. United States,* No. 2021-1600, 2021 WL 3440773 (Fed. Cir. Aug. 6, 2021). There, however, there is no indication that the procedural issues were raised; the appeal was seemingly limited to the question of whether the litigant had behaved frivolously. *See id.* at *5-6.

Several other circuits have addressed the question and have concluded that a litigant is entitled to notice and an opportunity to be heard before being subjected to an anti-filing injunction. *See In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988); *In re Hartford Textile Corp.*, 613 F.2d 388, 390 (2d Cir. 1979); *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d

Cir. 1993); *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004); *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Today we align ourselves with our sister circuits. Thus, we hold that before a trial court may impose an anti-filing injunction, the litigant must be provided with notice that such a sanction is being considered and an opportunity to be heard on the question of whether it should be imposed. Because Mr. Allen was not provided such process, we vacate the Court of Federal Claims' injunction and remand for further proceedings.

In arguing for affirmance, the government suggests that the trial court did not actually impose an anti-filing injunction. We disagree. The government would have us focus on the fact that the trial court's order permits Mr. Allen to seek leave to file a new pro se case and does not preclude him from filing a new counseled case. While these aspects of the order mean that the courthouse doors are not closed to Mr. Allen, the order nonetheless still imposes meaningful restrictions on his access. Such limitations must not only be warranted based on the record but also may only follow the provision of necessary procedural protections.

The government next argues that even if the Court of Federal Claims' order is an anti-filing injunction, and notice is required, Mr. Allen had sufficient notice based on warnings provided by other courts. Most pertinently, the Middle District had "strongly cautioned" Mr. Allen "not to file claims lacking a legal and/or factual basis in violation of Federal Rule of Civil Procedure 11," and added that "[s]anctions, including a pre-filing injunction, are options available to the court to address continued frivolous filings." *Allen v. Suntrust Bank*, No. 20-293 (M.D.N.C. Aug. 21, 2020), ECF No. 10, *aff'd*, 832 F. App'x 820 (4th Cir. 2021) (per curiam), *cert. denied*, 141 S. Ct. 2659 (2021). In another of Mr. Allen's cases, the Fourth Circuit had issued an order directing him to show cause as to why he should not be sanctioned, and thereafter enjoined him from "filing

any civil appeal in this court [i.e., the Fourth Circuit] unless a district court judge has certified that the appeal is not frivolous." *Allen v. Coffee*, No. 21-1934 (4th Cir. 2022), ECF Nos. 10, 14. These courts let Mr. Allen know that his litigation conduct could result in limits being placed on his ability to file cases in the Middle District and in the Fourth Circuit, but they did not put him on notice that he might also be subject to sanction in other courts, including the Court of Federal Claims. Nor, plainly, did the earlier warnings or orders put Mr. Allen on notice that he might be subjected to sanctions in other courts without first receiving notice and an opportunity to be heard by those additional courts. Mr. Allen, therefore, did not receive sufficient notice. *See generally In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 278 F.3d 175, 191 (3d Cir. 2002) ("[P]articularized notice is required to comport with due process . . . [and] usually require[s] notice of the precise sanctioning tool that the court intends to employ.") (internal citation and quotation marks omitted).

Finally, the government emphasizes that there is nothing abusive in the Court of Federal Claims' discretionary decision to sanction Mr. Allen. It echoes the trial court's findings that "Mr. Allen's frivolous litigiousness warrants the imposition of sanctions." App'x 2. Because Mr. Allen was provided neither notice nor an opportunity to be heard, the issue of the Court of Federal Claims' exercise of its discretion is not yet ripe. On remand, the trial court is free to consider again imposing an anti-filing injunction, provided that it first accords Mr. Allen his rights to notice and an opportunity to be heard.

Accordingly, we vacate the anti-filing injunction issued by the Court of Federal Claims and remand for further proceedings.

## IV

We have considered Mr. Allen's other arguments and find them unpersuasive. For the reasons stated, we affirm

the Court of Federal Claims' dismissal for lack of subject matter jurisdiction and vacate and remand its anti-filing injunction.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

COSTS

No costs.