NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GREGORY A. AUSTIN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1541

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00808-ZNS, Judge Zachary N. Somers.

---

Decided: January 10, 2024

---

GREGORY A. AUSTIN, Fresno, CA, pro se.

LIRIDONA SINANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

---

Before LOURIE, BRYSON, and STARK, *Circuit Judges*.

PER CURIAM.

Gregory Austin appeals the dismissal of his complaint by the Court of Federal Claims for lack of subject matter jurisdiction. Because Mr. Austin's claims were clearly outside the jurisdiction of the Court of Federal Claims, dismissal was appropriate. We affirm.

This case relates to multiple California state court actions relating to the dissolution of Mr. Austin's marriage and the issuance of a domestic violence restraining order against him. Between 2015 and 2022, Mr. Austin attempted to challenge the restraining order, and its renewal, by filing a variety of suits in two of California's federal district courts. Both district courts ultimately dismissed his complaints for failure to state a claim or lack of subject matter jurisdiction. Mr. Austin then filed a similar complaint in the Court of Federal Claims on July 22, 2022, challenging the restraining order, attacking other actions of the state and district courts, and identifying numerous other general grievances. Upon finding that Mr. Austin's complaint failed to clearly articulate any possible basis for its jurisdiction, the Court of Federal Claims dismissed the complaint for lack of subject matter jurisdiction.

We have jurisdiction over Mr. Austin's appeal of the Court of Federal Claims' dismissal pursuant to 28 U.S.C. § 1295(a)(3). We review the dismissal de novo. *See Fairholme Funds, Inc. v. United States*, 26 F.4th 1274, 1284 (Fed. Cir. 2022).

The jurisdiction of the Court of Federal Claims is limited. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). As the plaintiff, it is Mr. Austin's burden to show that his claims are within the limited jurisdiction of the Court of Federal Claims. *See Brandt v. United States*, 710 F3d. 1369, 1373 (Fed. Cir. 2013). Mr. Austin failed to meet this burden in the trial court and his arguments before us fare no better.

Mr. Austin argues that the Court of Federal Claims had jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491. But that court's Tucker Act jurisdiction only extends to claims for money damages against the United States based on "a separate source of substantive law that creates a right to money damages;" that is, what is often referred to as a "money-mandating" source of law. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Mr. Austin has not identified a non-frivolous basis for his contention that he stated a claim against the United States arising under a money-mandating provision. To the contrary, Mr. Austin's purported claims against the United States sound principally in tort, matters over which the Court of Federal Claims plainly lacks jurisdiction. *See* 28 U.S.C. §1491(a) (establishing that Tucker Act jurisdiction extends only to "cases not sounding in tort"); *Brown*, 105 F.3d at 623. He also tries to state claims of criminal misconduct and various constitutional violations (e.g., under the First, Second, Fifth, and Fourteenth Amendments) but offers no persuasive reason to conclude that any of these allegations implicate money-mandating sources of law. *See generally Allen v. United States*, 88 F.4th 983, 986 (Fed. Cir. 2023); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that Court of Federal Claims lacks jurisdiction over constitutional claims based on amendments that do not obligate federal government to pay money).

Further, we agree with the Court of Federal Claims that, in reality, the entirety of Mr. Austin's complaint is a challenge to the restraining order entered against him (and renewed) by the San Francisco Superior Court. The Court of Federal Claims does not have jurisdiction over claims against state governments, state courts, or state or local government employees or officials, or over any claims founded on state law. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored

as beyond the jurisdiction of the court."); *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007). Nor is the Court of Federal Claims authorized to review the dismissals of the two California federal district courts. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (stating that Court of Federal Claims "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts"). Moreover, to the extent Mr. Austin is bringing claims against individuals, as opposed to the United States itself, the Court of Federal Claims lacks jurisdiction over such claims as well. *See Brown*, 105 F.3d at 624.

Finally, Mr. Austin contends that the Supreme Court of the United States has original jurisdiction over his case. Even if this were the case – and it is not, as none of his claims fall within the narrow categories of cases within the Supreme Court's original jurisdiction, *see* U.S. Const. art. III, § 2, cl. 2 ("In all Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party, the supreme Court shall have original Jurisdiction."); *see also* 28 U.S.C. § 1251 – neither the Court of Federal Claims nor the Court of Appeals for the Federal Circuit is the Supreme Court. Mr. Austin did not file his claims in the proper court.

Accordingly, we agree with the Court of Federal Claims that it lacked jurisdiction over Mr. Austin's complaint. We affirm the trial court's dismissal.

**AFFIRMED**

Costs

No costs.