NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LEE MICHAEL TOMKO,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2025-1312

_____

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00773-MBH, Senior Judge Marian Blank Horn.

_____

Decided:  July 11, 2025

_____

LEE MICHAEL TOMKO, Kissimmee, FL, pro se.

CATHERINE M. YANG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY, BRETT SHUMATE.

_____

Before MOORE, *Chief Judge*, PROST and REYNA, *Circuit Judges*.

PER CURIAM.

Lee Michael Tomko appeals pro se a judgment of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims. For the following reasons, we affirm.

## BACKGROUND

In May 2024, Lee Michael Tomko ("Mr. Tomko") filed a complaint in the United States Court of Federal Claims ("Claims Court"), "alleging breach of contract and seeking enforcement of an alleged contract with the United States government." *Tomko v. United States*, No. 24-773C, 2024 WL 5279873, at *1 (Fed. Cl. Dec. 2, 2024). In August 2024, Mr. Tomko filed an amended complaint, in which he claimed (A) that the United States breached contracts with him or to which he is a third-party beneficiary; and (B) numerous other "significant issues," including defamation by the United States. SAppx20–47.[1] Based on these claims, Mr. Tomko asserted that the United States owes him $23 billion. SAppx25.

Mr. Tomko alleged two breach of contract claims. First, he alleged that President Donald Trump and Christopher Wray, then-Director of the Federal Bureau of Investigation ("FBI"), entered into a written contract "to resolve significant issues with an FBI investigation involving [him]." SAppx24, SAppx26. Mr. Tomko alleged that he is a "third-party beneficiary of the contract," and that "[t]he terms of the contract include: payment of money in any

---

[1] "SAppx" refers to the supplemental appendix accompanying the Appellee's informal response brief.

amount to [him], an increase of $2 million every time the FBI took any kind of action in this matter, [and an] agreement to permanently end investigation of [him]." SAppx26–27. Second, Mr. Tomko alleged that "[a]dditional non-written contracts were created between [him] and the White House Investigations Advisor to the [P]resident" for "money, of any amount." SAppx29.

Neither Mr. Tomko nor the United States provided the Claims Court with a copy of the alleged written contract. *See Tomko*, 2024 WL 5279873, at *1. Mr. Tomko admitted that he "wasn't there when the contract was created and signed" and that he had not "seen or read the contract," but he claimed he had "been told that it exists, [that it] is legitimate, and [that it includes] the details above" about the content of the contract. Appellant Inf. Br. 39 (attachment excerpting Mr. Tomko's Response to Motion to Dismiss Amended Complaint); SAppx27. Mr. Tomko asserted that he knew of the existence and content of the alleged contracts because "[g]overnment employees (and others) have been communicating through [his] computer, household electronic devices, and other methods," for example, using "[o]bvious hacking of [his] web browser where the screen will automatically scroll to a section that has signaling words or phrases." SAppx39–43.

In August 2024, the United States moved to dismiss Mr. Tomko's amended complaint for lack of jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and, in the alternative, failure to state a claim upon which relief can be granted under RCFC 12(b)(6). *See Tomko*, 2024 WL 5279873, at *3. In December 2024, the Claims Court granted the motion and dismissed the amended complaint. *Id.* at *12. With respect to the contract claims, the Claims Court decided that the amended complaint failed to establish jurisdiction and to state a claim upon which relief can be granted. *Id.* at *9–11. The Claims Court reached these two conclusions based on "many of the same reasons," namely, that

Mr. Tomko "allege[d] a variety of implausible facts" that were "speculative" and "fanciful." *Id*. With respect to the defamation claims, the Claims Court decided that it "does not have jurisdiction to adjudicate such claims sounding in tort." *Id*. at \*11.

Mr. Tomko appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## STANDARD OF REVIEW

We review de novo the Claims Court's decision as to whether a complaint failed to state a claim upon which relief can be granted. *B.H. Aircraft Co. Inc. v. United States*, 89 F.4th 1360, 1362 (Fed. Cir. 2024). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation omitted).

We review the Claims Court's decision on subject matter jurisdiction de novo. *Allen v. United States*, 88 F.4th 983, 986 (Fed. Cir. 2023). "We give pro se plaintiffs more latitude in their pleadings than a party represented by counsel," but this "does not relieve a plaintiff of jurisdictional requirements." *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023).

## DISCUSSION

Mr. Tomko argues that the Claims Court should not have dismissed his amended complaint, because it stated claims upon which relief can be granted. Appellant Inf. Br. 2. According to Mr. Tomko, his amended complaint was "detailed and plausible." *Id*. However, Mr. Tomko's assertions with respect to the contract claims, as detailed above, are, in the Claims Court's language, "fanciful." *Tomko*, 2024 WL 5279873, at \*10–11. As such, Mr. Tomko's assertions fail to "nudge[]" the contract claims "across the line from conceivable to plausible." *Ashcroft*, 556 U.S. at 680 (quotations and citation omitted). Thus,

with respect to the contract claims, the amended complaint failed to state a claim upon which relief can be granted. Meanwhile, the defamation claims are tort claims over which the Claims Court lacks jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *Allen*, 88 F.4th at 986.

## CONCLUSION

We have considered Mr. Tomko's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Claims Court's dismissal of Mr. Tomko's amended complaint.

## **AFFIRMED**

### COSTS

No costs.