# In the United States Court of Federal Claims

No. 25-1442

Filed: September 11, 2025

---

RICARDO JOSE CALDERON LOPEZ,

       *Plaintiff*,

v.

THE UNITED STATES,

       *Defendant*.

---

## ORDER OF DISMISSAL

**TAPP, Judge.**

Pro se Plaintiff, Ricardo Jose Calderon Lopez ("Mr. Lopez"), filed a nearly incomprehensible Complaint alleging several torts and violations of his Constitutional rights. (*See* Pl.'s Compl., ECF No. 1; Pl.'s Exhibits ("Pl.'s Exs.") at 7–8, ECF No. 1-2). Simultaneously, he moved to proceed *in forma pauperis* ("IFP Application"). (ECF No. 2). Mr. Lopez's claim is **DISMISSED** for lack of subject-matter jurisdiction; the Court also finds that Mr. Lopez fails to state a claim upon which relief may be granted. *See* RCFC 12(b)(1), 12(b)(6), 12(h)(3). Mr. Lopez's IFP Application is **DENIED**.

If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. RCFC 12(h)(3). This Court's limited jurisdiction extends to claims: (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from a federal constitutional, statutory, or regulatory law mandating the payment of money damages by the government. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (quoting 28 U.S.C. § 1491(a)(1)). The Tucker Act does not itself create a substantive right enforceable against the United States—plaintiffs must identify a separate money-mandating source of law to establish jurisdiction. *Ferriero v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007). While pro se plaintiffs are held "to less stringent standards[,]" *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), this "leniency . . . does not relieve the burden to meet jurisdictional requirements." *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Here, the Court does not have subject matter jurisdiction over Mr. Lopez's claim. Mr. Lopez cites 18 U.S.C. § 371, 5 U.S.C. § 45(a)(1), 42 U.S.C. § 1983, and the Federal Tort Claims Act (28 U.S.C. §§ 2671–2680) to support his arguments. (Compl. at 2–4, 7). These statutes refer to criminal conspiracies, antitrust violations, torts, and civil rights, respectively. None invoke the Court's jurisdiction. *See Dziekonski v. United States*, 120 Fed. Cl. 806, 811 (2015) ("Assuming

plaintiff were to make out a cognizable criminal violation claim, the Court of Federal Claims lacks jurisdiction to entertain criminal matters."); *Smith v. United* States, 34 Fed. Cl. 313, 321 1995) ("Claims for violations of the antitrust laws are not within the scope of the Tucker Act."); *Nagy v. United States*, No. 23-0505, 2023 WL 4677033, at *4 (Fed. Cl. July 20, 2023) (holding the Court lacks jurisdiction over Federal Torts Claims Act claims); *Dibrell v. United States*, No. 24-1724, 2024 U.S. App. LEXIS 32042, at *4–5 (Fed. Cir. Dec. 18, 2024) (holding the Court of Federal Claims lacks jurisdiction over civil rights claims under 42 U.S.C. § 1983).

Even if the Court had jurisdiction, Mr. Lopez fails to state a claim upon which relief may be granted. Dismissal in accordance with RCFC 12(b)(6) "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that the allegations are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Here, Mr. Lopez's Complaint is largely intelligible. As far as the Court can tell, Mr. Lopez's primary claim is that a congresswoman and her aide discriminated against him and denied him due process. (*See* Pl.'s Exs. at 7–8). He provides no details. (*Id.*). "[T]he court has no duty to create a claim where a *pro se* plaintiff's complaint is so vague or confusing that one cannot be determined." *Fullard v. United States*, 78 Fed. Cl. 294, 299 (2007) (citations omitted).

Finally, it is a privilege, not a right, to be granted *in forma pauperis* status, and the Court exercises significant discretion when deciding to grant such a motion. *See White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998); *Colida v. Panasonic Corp. of N. Am.*, 374 F. App'x 37, 38 (Fed. Cir. 2010). In fact, courts are obligated to deny *in forma pauperis* motions from vexatious litigants to protect the Court's limited resources. *See, e.g., In re Anderson*, 511 U.S. 364, 365–66 (1994). Mr. Lopez has a demonstrated history of frivolous filings.[1] Mr. Lopez also has a case pending in front of Judge Katheryn C. Davis. *Lopez v. United States*, No. 25-1073 (Fed. Cl. July 8, 2025). Judge Davis denied Mr. Lopez's IFP Motion, finding his "Application essentially asserts that Mr. Lopez lives on food stamps alone; he claims no expenses for the last ten years, no income and no possessions, assets, or debts. This representation lacks credibility." ECF No. 5 at 3, Case No. 25-1073. Mr. Lopez's IFP Application here contains identical representations. *Compare* ECF No. 2 at 2, Case No. 25-1073 *with* (IFP App. at 2 ("Currently and for the past 10+

---

[1] *See, e.g.*, Order on Req. to Proceed In Forma Pauperis, *Starlight Consulting Servs. v. Sunset Housing Solutions*, L.P., No. 24-CV-6041 (C.D. Cal. July 22, 2024) (dismissing complaint as frivolous and for failure to state a claim); Order, *Lopez v. Bureau of Prisons*, No. 10-CV-24023 (S.D. Fla. Aug. 24, 2020) (denying motion to proceed IFP on appeal because action not taken in good faith); *Lopez v. Kausner*, No. 24-2011, 2024 U.S. App. LEXIS 18154, at *3 (Fed. Cir. July 24, 2024) (dismissed appeal filed 19 years after final judgment as untimely); *Lopez v. United States*, No. 2022-2137, 2022 WL 12141097, at *1 (Fed. Cir. Oct. 21, 2022) (finding appeal "frivolous"); *Lopez v. Gumushyan*, No. 25-1765, 2025 U.S. App. LEXIS 16802, at *2 (Fed. Cir. July 8, 2025) (dismissing complaint for lack of subject matter jurisdiction); *Lopez v. Off. of the Sec'y of State*, No. 24-1964, 2024 U.S. App. LEXIS 17987 at *1–2 (Fed. Cir. July 23, 2024) (same); *Lopez v. Comm'r of Soc. Sec.*, No. 2023-1987, 2023 WL 5219769, at *1 (Fed. Cir. Aug. 15, 2023) (dismissing for failure to prosecute).

years paintiffs'[sic] has no expenses & rely-receive[sic] food stamp benefits."")). The Court sees no reason to depart from Judge Davis's analysis.

For the stated reasons, Mr. Lopez's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(b)(1) and 12(h)(3); alternatively, his Complaint would be dismissed for failure state a claim under RCFC 12(b)(6). Mr. Lopez's IFP Application, (ECF No. 2), is **DENIED**. The Clerk **SHALL** enter judgment accordingly. The Clerk is directed to **REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[2]

**IT IS SO ORDERED.**

_David A. Tapp_
DAVID A. TAPP, Judge

---

[2] This provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Plaintiff is not enjoined from proper post-dismissal filings in this case, nor is Plaintiff required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.