NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JOHN D. HORTON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2025-1897

_____

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00853-CNL, Judge Carolyn N. Lerner.

_____

Decided: January 14, 2026

_____

JOHN D. HORTON, Washington, DC, pro se.

STEPHEN J. SMITH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY, BRETT SHUMATE.

_____

Before PROST, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

John D. Horton appeals a decision of the United States Court of Federal Claims dismissing without prejudice his complaint seeking relief for alleged theft of Supplemental Nutrition Assistance Program ("SNAP") benefits from his Electronic Benefits Transfer ("EBT") account. *See Horton v. United States*, No. 25-853, 2025 WL 1648948 (Fed. Cl. June 10, 2025) ("*Decision*"). For the reasons discussed below, we *affirm*.

## I.    BACKGROUND

On May 19, 2025, Mr. Horton filed a complaint with the Court of Federal Claims, alleging that convenience stores in Philadelphia and New Jersey acquired his EBT account number and personal identification number through the "negligence or willfulness" of federal and/or contractor employees at the United States Department of Agriculture ("USDA"), Conduent.com, and private banks. *Decision* at *1. Mr. Horton alleged in his complaint that these actions constituted a taking in violation of the Fifth Amendment. *Id.* Mr. Horton also moved to proceed *in forma pauperis. Id.*

The Court of Federal Claims granted Mr. Horton's motion to proceed *in forma pauperis* but dismissed his case without prejudice for lack of subject-matter jurisdiction. *Id.* at *2; S. App'x 4–5.[1] The Court of Federal Claims concluded that it lacked subject-matter jurisdiction for two reasons. First, Mr. Horton made no allegations against the United States government. *Decision* at *1. Second, Mr. Horton did not allege a nonfrivolous takings claim. *Id.* at *1–2. Specifically, the Court of Federal Claims determined that Mr. Horton did not set forth an adequate

---

[1]    We refer to the supplemental appendix filed with the government's informal brief, ECF No. 5, as "S. App'x" throughout this opinion.

takings claim because he did not allege "that the Government took his property for authorized public use and not 'in violation of the law.'" *Decision* at \*2 (citations omitted). The Court of Federal Claims further determined that, even accepting Mr. Horton's allegations as true, the court "could not compensate the unauthorized taking of private property by an officer of the United States." *Id.*

Mr. Horton timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II. DISCUSSION

We review *de novo* decisions of the Court of Federal Claims regarding subject-matter jurisdiction. *Res. Conservation Grp., LLC v. United States*, 597 F.3d 1238, 1242 (Fed. Cir. 2010). Under the Tucker Act, the Court of Federal Claims has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver [of sovereign immunity] of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citations omitted). While documents filed pro se are held to "less stringent standards," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a pro se litigant still bears the burden of proving that the Court of Federal Claims has subject-matter jurisdiction over the complaint. *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001).

### A.

We first address whether Mr. Horton's case is one "against the United States." 28 U.S.C. § 1491(a)(1).

Mr. Horton argues that the Court of Federal Claims has subject-matter jurisdiction over his claim where he named federal agencies or employees regardless of "whether private actors are also involved." Appellant's Reply Br. 3. We disagree.

The Court of Federal Claims did not err in determining that it lacked jurisdiction over Mr. Horton's claims because Mr. Horton makes no allegations against the government. As stated in his complaint, Mr. Horton alleges his food stamp benefits were stolen in Philadelphia and New Jersey by convenience stores. *See* Complaint at 2–3, *Horton v. United States*, No. 25-cv-00853-CNL (Fed. Cl. May 19, 2025) ("*Complaint*"). However, the Court of Federal Claims is not permitted to hear claims against private entities. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (noting that jurisdiction "is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."(citations omitted)). The Court of Federal Claims also does not have jurisdiction over suits against federal officials in their individual capacities. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). And although Mr. Horton named the USDA in his complaint and included the United States in his caption, *Complaint* at 1, 3, he did not contend in his complaint that "the government, through its system, failed to provide a benefit or improperly handled funds it was obligated to provide under a federal program." Appellant's Br. 8–9; *see generally Complaint*.[2] Accordingly, the Court

---

[2] Even if we accepted his new arguments on appeal, which we need not do, he fails to state a claim for the reasons stated below. *Boggs v. West*, 188 F.3d 1335, 1337–38 (Fed. Cir. 1999) ("As a general rule, an appellate court will

of Federal Claims correctly determined that it lacked juris-
diction in this case.

## B.

Second, we address whether Mr. Horton sufficiently al-
leged a takings claim to establish jurisdiction. Mr. Horton
argues that a wrongful taking occurred when a USDA em-
ployee "brib[ed] her superiors all the way up to the Secre-
tary of the [USDA] to keep the slush money flowing"
thereby "establish[ing] a systematic 'taking' to further the
financial interests of the USDA employees above [that em-
ployee]." Appellant's Br. 9–10. We disagree.

The Court of Federal Claims did not err in determining
that Mr. Horton failed to allege a nonfrivolous takings
claim. "A compensable taking arises only if the govern-
ment action in question is authorized." *Darby Dev. Co.
v. United States*, 112 F.4th 1017, 1023 (Fed. Cir. 2024)
(quoting *Del-Rio Drilling Programs Inc. v. United States*,
146 F.3d 1358, 1362 (Fed. Cir. 1998)). Actions "'outside the
normal scope of the government officials' duties' or done de-
spite an 'explicit prohibit[ion]'" tend to be "unauthorized"
for takings claim purposes. *Id.* at 1025–26 (alteration in
original) (quoting *Del-Rio Drilling Programs*, 146 F.3d
at 1363). Here, Mr. Horton does not allege any facts that
can plausibly be taken to show that the federal employees
were acting in an authorized manner for the conduct he al-
leges. *See* Appellant's Br. 9–10 (arguing that a federal em-
ployee stole millions in food stamps and bribed her
superiors). Moreover, to the extent that Mr. Horton's alle-
gations suggest a tort claim, the Court of Federal Claims
lacks jurisdiction over cases "sounding in tort." 28 U.S.C.
§ 1491(a)(1). Therefore, the Court of Federal Claims did

---

not hear on appeal issues that were not clearly raised in
the proceedings below.").

not err in determining that Mr. Horton did not sufficiently allege a takings claim to establish jurisdiction.

### III. CONCLUSION

We have considered Mr. Horton's remaining arguments and find them unpersuasive.[3]  For the above reasons, we *affirm*.

**AFFIRMED**

COSTS

No costs.

---

[3]    Besides the Tucker Act, Mr. Horton identified the Little Tucker Act (28 U.S.C. § 1346(a)(2)) and the SNAP statute (7 U.S.C. §§ 2011–2036) as bases for jurisdiction. *See* Appellant's Br. 7–9.  The Little Tucker Act is inapplicable because it establishes jurisdiction in district courts, concurrent with the Court of Federal Claims, for claims that do not exceed $10,000. 28 U.S.C. § 1346(a); *Doe v. United States*, 372 F.3d 1308, 1312 (Fed. Cir. 2004). Furthermore, to the extent Mr. Horton argues that the federal statutes and regulations governing SNAP are money-mandating and that SNAP "theoretically" establishes an "implied-in-fact contract" between the government and eligible individuals, *see* Appellant's Br. 7–9, these arguments are forfeited on appeal because Mr. Horton did not properly raise these arguments below. *See Complaint* at 1–4; *Allen v. United States*, 88 F.4th 983, 986 (Fed. Cir. 2023) (holding that appellant forfeited claims of constitutional violation not asserted before the Court of Federal Claims).