NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY L. POLLITT, JR.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1925

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00307-ZNS, Judge Zachary N. Somers.

---

Decided:  February 13, 2026

---

ANTHONY L. POLLITT, JR., Turnersville, NJ, pro se.

STEPHANIE FLEMING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

PER CURIAM.

Anthony L. Pollitt, Jr. appeals the United States Court of Federal Claims' dismissal of his complaint for lack of subject matter jurisdiction. For the following reasons, we *affirm*.

### BACKGROUND

In February 2025, Mr. Pollitt filed a complaint against the United States in the Court of Federal Claims alleging a monetary claim for over $100 million "based on violations of constitutional rights, federal statutes, and agency misconduct." S. Appx. 11–13.[1] Mr. Pollitt's claim relates to the allegedly improper handling and denial of a previous claim he submitted to the U.S. Department of State, which asserted violations of the United States–Oman Free Trade Agreement (FTA). *See id.*; S. Appx. 14–17. In particular, Mr. Pollitt alleges that he, "as an American investor, was denied procedural fairness and legal recourse by the very agency responsible for enforcing international trade protections." S. Appx. 11. His complaint states that his case was being filed "under 28 U.S.C. § 1491 (The Tucker Act)" and that his claim "arises from violations of [his] Due Process rights under the Fifth Amendment and the Administrative Procedure Act (APA), 5 U.S.C. § 555(b) & § 706(2)(D)." *Id.*

The Government moved to dismiss Mr. Pollitt's complaint for lack of subject matter jurisdiction.[2] S. Appx 2. The Court of Federal Claims granted the Government's motion, concluding Mr. Pollitt "fail[ed] to identify a single money-mandating source of law that vests [the Court of Federal Claims] with jurisdiction over his claims or the

---

[1]    "S. Appx." refers to the Supplemental Appendix attached to the Government's Brief.

[2]    The Government also moved to dismiss for failure to state a claim under which relief can be granted, an issue the Court of Federal Claims did not reach. S. Appx 2, 5.

relief requested." *Id.* at 4. Mr. Pollitt appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review de novo the Court of Federal Claims' decision to dismiss a case for lack of subject matter jurisdiction. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). In general, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* The plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence. *Id.* And while courts generally review a *pro se* litigant's complaint leniently, they may not take a liberal view of jurisdictional requirements. *See Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

We agree with the Court of Federal Claims that Mr. Pollitt's complaint failed to identify a money-mandating source of law that establishes his right to money damages—a fatal jurisdictional defect for claims brought under the Tucker Act. *See Allen v. United States*, 88 F.4th 983, 986 (Fed. Cir. 2023) ("[T]he absence of a money-mandating source [is] fatal to the [Court of Federal Claims'] jurisdiction under the Tucker Act." (first and second alterations in original) (quoting *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (en banc))). While Mr. Pollitt's complaint states that his claim arises from violations of the Fifth Amendment Due Process Clause and the APA, neither is money-mandating. *See Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995) ("[T]he [Fifth Amendment] due process clause does not obligate the government to pay money damages."); *Wopsock v. Natchees*, 454 F.3d 1327, 1333 (Fed. Cir. 2006) ("[T]he APA does not authorize an award of money damages at all."). Moreover, to the extent Mr. Pollitt's complaint relies on the U.S.–Oman FTA for jurisdiction, this is insufficient because (1) 28 U.S.C. § 1502 generally precludes the court from exercising jurisdiction

over "any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations," and (2) Mr. Pollitt fails to identify any provision of the FTA that suggests it is money-mandating.

On appeal, Mr. Pollitt raises a new argument that the Court of Federal Claims should have liberally construed his complaint as raising a claim under the money-mandating Takings Clause of the Fifth Amendment. *See* Appellant Br. 10–20.[3]  But this argument cannot save Mr. Pollitt's complaint because his complaint is not merely ambiguous; it is devoid of *any* allegations of a takings claim. S. Appx. 11–13; *see Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [a plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures.").  Furthermore, the application of the Takings Clause is limited to "cases in which the cause of action protects a legally-recognized property interest." *Adams v. United States*, 391 F.3d 1212, 1226 (Fed. Cir. 2004).  As explained below, Mr. Pollitt fails to identify any such interest to support a non-frivolous takings claim—both in his complaint and on appeal.  *See Moden v. United States*, 404 F.3d 1335, 1341 (Fed. Cir. 2005) ("[J]urisdiction under the Tucker Act is proper" "to the extent the [plaintiff] ha[s] a *nonfrivolous* takings claim" (emphasis added)).

Mr. Pollitt argues that the State Department effected a taking of his "right to have a duly submitted and supported claim adjudicated."  Appellant Br. 10–11.  But Mr. Pollitt fails to demonstrate that the U.S.–Oman FTA gives him any cause of action that must be adjudicated by the State Department, much less one giving rise to a cognizable property interest.  *See* S. Appx. 25–35 (describing

---

[3]  "Appellant Br." refers to ECF No. 50, which is a consolidation of several of Mr. Pollitt's filings with this court.

investor-state dispute settlement process under the U.S.–Oman FTA); *Adams*, 391 F.3d at 1226 (declining to recognize a property interest in a claim of Government liability before an administrative agency).  On the contrary, the U.S.–Oman FTA allows an American investor to initiate arbitration against the *host government* (i.e., Oman), not seek damages from the United States.  S. Appx. 25–35.

Mr. Pollitt also argues that the Court of Federal Claims effected a taking by suppressing his filings and that the Federal Circuit effected a taking by granting the Government additional time to respond to his appeal.  Appellant Br. 11–12.  Again, neither allegation implicates a cognizable property interest for takings purposes.  Nor would it be logical to construe Mr. Pollitt's complaint as alleging these takings when they did not occur until after his complaint was filed.

For these reasons, we see no error with the Court of Federal Claims' dismissal of Mr. Pollitt's complaint, and Mr. Pollitt's new arguments on appeal do not compel a different outcome.[4]

---

[4]     Mr. Pollitt raises several other arguments that do not address the fundamental jurisdictional defect in his complaint (i.e., his failure to identify a money-mandating source of law necessary for Tucker Act jurisdiction).  For example, Mr. Pollitt argues the Court of Federal Claims failed to (1) consider some of his subsequent filings; (2) issue default judgment based on the Government's lack of response to his subsequent motions; and (3) grant relief from judgment due to fraud, constitutional error, or manifest injustice.  Appellant Br. 1–9.  Because we conclude the Court of Federal Claims did not have subject matter jurisdiction over Mr. Pollitt's case at its outset, we do not reach these later-arising non-jurisdictional issues.

CONCLUSION

We have considered Mr. Pollitt's remaining arguments and find them unpersuasive.  Accordingly, we *affirm*.

**AFFIRMED**

COSTS

No costs.