NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**AHMAD JAMALEDDIN ALJINDI,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant*

_____

2026-1031

_____

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00242-DAT, Judge David A. Tapp.

_____

Decided: April 14, 2026

_____

AHMAD JAMALEDDIN ALJINDI, Irvine, CA, pro se.

_____

PER CURIAM.

Dr. Ahmad Aljindi comes before us, as he has several times before, seeking recovery from the United States based on allegations that he created, and the government stole from him, certain artificial-intelligence technology. In 2024, after other (related) suits brought by Dr. Aljindi had been dismissed, the Court of Federal Claims (Claims

Court) dismissed Dr. Aljindi's present complaint, and the next year we affirmed that dismissal. *Aljindi v. United States*, No. 24-1997, 2025 WL 440123, at *1 (Fed. Cir. Feb. 10, 2025) (*2025 CAFC Decision*). Dr. Aljindi then returned to the Claims Court and filed a motion under the Claims Court's Rule 60(b) seeking relief from the judgment. The Claims Court denied the motion, and after providing notice and an opportunity to respond, it entered an anti-filing injunction against him—forbidding new filings unless he was represented by counsel or got permission from the Chief Judge—and it certified, pursuant to 28 U.S.C. § 1915(a)(3), that no appeal from that injunction would be taken in good faith. *Aljindi v. United States*, 178 Fed. Cl. 256, 264 (2025) (*Injunction*). Dr. Aljindi appeals and moves to proceed in forma pauperis on appeal. Construing his motion as challenging the Claims Court's § 1915(a)(3) certification, we conclude that Dr. Aljindi's appeal is frivolous, and we therefore dismiss.

I

The history of this case has been recounted in detail in prior decisions. *See generally 2025 CAFC Decision*; *see also Injunction* at 260–61 & n.3; *Aljindi v. United States*, No. 24-242, 2024 WL 3024654, at *2–3 & n.2 (Fed. Cl. June 17, 2024) (*2024 CFC Dismissal*). We briefly recount some now-relevant aspects of the case.

Dr. Aljindi claims to have "developed groundbreaking intellectual property in artificial intelligence" that the "government systematically appropriated . . . without just compensation." Aljindi Informal Br. at 18. He brought civil rights claims against the government based on similar allegations in the District Court for the Central District of California in 2018, but the district court dismissed his complaint *sua sponte* for failure to state a claim. *See 2024 CFC Dismissal*, at *2 n.2. He filed additional, similar district court complaints, which were also rejected, and Dr.

Aljindi's appeals to the Ninth Circuit were dismissed as frivolous. *See id.*; *Injunction* at 261 n.3.

In 2021, Dr. Aljindi filed two complaints in the Claims Court. As we recounted in our 2025 decision, one of those complaints asserted takings, civil rights, tort, and copyright claims, alleging similar operative facts to those alleged in his district court complaints. *2025 CAFC Decision*, at *1–2. The second asserted, among other things, judicial misconduct and conspiracy to obstruct justice by the district court and the Ninth Circuit. *Id.*, at *2. The Claims Court dismissed both complaints. *See id.*, at *1–2. Dr. Aljindi did not appeal the dismissal of the second complaint but did appeal the dismissal of the first complaint, and in that appeal, we affirmed the dismissal with one exception: We vacated the Claims Court's jurisdictional dismissal of the claim of copyright infringement. *See id.* The Claims Court, on remand, dismissed the copyright claim for failure to state a claim, and we affirmed. *See id.* at *2.

Dr. Aljindi filed a third complaint—the operative complaint in this appeal—in the Claims Court in early 2024, again grounded in essentially the same allegations, and again asserting takings claims, among others. *Id.*, at *2–3. The Claims Court again dismissed in June 2024, in part on the basis of claim preclusion, and we again affirmed. *Id.* at *4.

That brings us to the present appeal: In July 2025, after we affirmed the dismissal of his third Claims Court complaint, Dr. Aljindi returned to the Claims Court and moved under Rule 60(b) of the Rules of the Court of Federal Claims to vacate the judgment for fraud on the court. *Injunction* at 261. In his view, the dismissal of his claims manifested "a brazen pattern of judicial crimes" and a conspiracy by the Claims Court, this court, and other courts involving "docket tampering, evidence suppression, [and] factual fabrication." *Id.* The Claims Court denied the motion as untimely to the extent it invoked Rule 60(b)(3)

because it was filed more than a year after the judgment of dismissal, and denied the motion as frivolous to the extent it invoked Rule 60(b)(6). *See id.*; R. Ct. Fed. Cl. 60(c) (establishing deadlines).

In view of the frivolous nature of his motion and Dr. Aljindi's history of repetitive pleadings, the Claims Court also ordered Dr. Aljindi to show cause why he should not be subject to an anti-filing injunction. *Injunction* at 262. Dr. Aljindi responded by rearguing the merits of his claims, making lengthy allegations of criminality against the court, and he also filed a new motion, now under Rule 60(a), running to nearly two hundred pages and repeating similar allegations. *See id.* at 262–63. The Claims Court, besides denying the Rule 60(a) motion, determined that Dr. Aljindi had engaged in a pattern of vexatious litigation, that his filings were not in good faith and were a burden on the court (and hence harmful to other litigants in the court), and that nothing less than an injunction would deter him from continuing to waste the court's resources. *Id.* at 264. Accordingly, it enjoined Dr. Aljindi from filing new complaints in the Claims Court without being represented by counsel or (if proceeding pro se) obtaining leave of the Chief Judge. *Id.* The court also certified, under 28 U.S.C. § 1915(a)(3), that any appeal from its order would not be taken in good faith. *Id.*

Dr. Aljindi appeals the injunction and the denial of Rule 60(b) relief.[1] Within the allowed time, he moved under Federal Circuit Rule 24(a) to proceed in forma pauperis. We have statutory jurisdiction to hear the appeal under 28 U.S.C. § 1295(a)(3).

---

[1] Dr. Aljindi has not presented any argument regarding the denial of the Rule 60(a) motion that requires separate discussion.

## II

We review the denial of a Rule 60(b) motion and the imposition of the sanction of an anti-filing injunction for abuse of discretion. *Progressive Industries, Inc. v. United States*, 888 F.3d 1248, 1255 (Fed. Cir. 2018); *Allen v. United States*, 88 F.4th 983, 986–89 (Fed. Cir. 2023). A motion to proceed in forma pauperis on appeal over the trial court's § 1915(a)(3) certification is treated as a challenge to the trial court's determination that the appeal is frivolous. *See* Advisory Committee Notes to Fed. R. App. P. 24(a). An appeal is frivolous at least if it does not present "any . . . legal points arguable on their merits," *Anders v. California*, 386 U.S. 738, 744 (1967), and even considering the frivolousness issue without deference to the trial court, we agree that Dr. Aljindi's appeal is frivolous.

This appeal presents three issues, the first two of which are subsumed into the third. Dr. Aljindi argues that the Claims Court erred, first, in denying his Rule 60(b) motion and, second, in enjoining him from filing new complaints. Third, he claims that he is entitled to proceed on appeal in forma pauperis. All three issues are resolved if we determine that his appeal is frivolous. Such a determination answers the first two arguments and simultaneously means that the Claims Court's certification was not in error, so that Dr. Aljindi's appeal must be dismissed whether or not he has paid the docketing fee. *See* Fed. Cir. R. 52(d); Advisory Committee Notes to Fed. R. App. P. 24(a); *cf.* 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous[.]"); *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307–08 (1989). We conclude that the Claims Court was correct that this appeal is frivolous, so we dismiss.

We have previously made clear to Dr. Aljindi that the Claims Court did not err in dismissing his complaint, and to the extent he attempts to relitigate that decision, his

arguments are squarely foreclosed. *See generally 2025 CAFC Decision.* And Dr. Aljindi presents no colorable basis for disturbing either the Claim's Court's denial of relief from judgment under Rule 60(b) or its entry of an anti-filing injunction against him.

The crux of Dr. Aljindi's argument on appeal, going to both his Rule 60(b) motion and the injunction, is his apparent belief that, when he has made allegations in this case or his previous cases, all the allegations must be treated as establishing facts for purposes of the Rule 60(b) motion to set aside the judgment at issue and the motion must be granted based on that treatment. *See, e.g.*, Aljindi Informal Br. at 13, 14, 19, 20, 24, 26, 28. There is no support offered or legal foundation for such a view. An adverse judgment may rest on any number of different bases, including jurisdictional, preclusion, implausibility of pleading, and other bases, some of which justify an adverse judgment without questioning the facts alleged, while others justify an adverse judgment because the law allows or requires deeming allegations of fact insufficient. Appeal is the route for showing error in an adverse judgment, with Rule 60(b) providing a narrow set of grounds for later granting relief from the judgment. Nothing about the Rule 60(b) standard provides for relief, after appeals have been unsuccessful, based on assuming the truth of the losing litigant's factual assertions. Accordingly, Dr. Aljindi's appeal is frivolous insofar as he challenges the denial of his Rule 60(b) motion.

With respect to the anti-filing injunction, Dr. Aljindi additionally argues that the Claims Court's order was motivated by religious animus. *Id.* at 26–27. But Dr. Aljindi offers no support whatever for this allegation: He relies entirely on the bare fact that his similar complaints have been repeatedly dismissed, *see id.* at 27, but that fact provides no basis for an inference of bias where, as here, dismissal of Dr. Aljindi's claims was justified on the merits, *see 2025 CAFC Decision*, at \*5–6. There is simply no evidence of bias. The Claims Court recounted the history of

Dr. Aljindi's repetitive litigation, noting that even after being warned of sanctions Dr. Aljindi filed a lengthy, meritless motion, and it properly determined that an anti-filing injunction was appropriate. *Injunction* at 262–64. It is evident that the anti-filing injunction was the product of a justified concern for wasting the court's resources, and we thus conclude that Dr. Aljindi's challenge to the injunction is also frivolous.

Because Dr. Aljindi raises no arguable legal question on appeal, he has failed to show error in the Claims Court's § 1915(a)(3) certification. We deny his motion to proceed in forma pauperis, and we dismiss his appeal. Given the rationale for our dismissal, we add, the same result would be reached if Dr. Aljindi now paid the docketing fee.

## III

We have considered all of Dr. Aljindi's arguments and find them wholly without merit. Accordingly, we dismiss.

**DISMISSED**