86 F.3d 1178
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lillie M. BODDIE, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 96-5060.
 United States Court of Appeals, Federal Circuit.
 May 14, 1996.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
June 21, 1996.
 
 Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the United States Court of Federal Claims, which dismissed for lack of jurisdiction the petitioner Lillie M. Boddie's complaint seeking damages for the United States Army's alleged mistreatment of her, is affirmed.
 
 OPINION
 I.
 
 2
 According to her complaint, Ms. Boddie suffered two assaults as a young woman, including a rape by a sergeant in the United States Army. Later Ms. Boddie herself joined the Army, and she alleges that certain officers failed to give proper consideration to psychological difficulties she faced as a result of the assaults. Furthermore, she contends that she was court-martialed unfairly and that since her discharge from the Army, she has not received proper veterans' benefits. She seeks damages of $24 million and other relief.
 
 
 3
 Ms. Boddie cites the Tucker Act, 28 U.S.C. § 1491(a)(1) (1994), the Back Pay Act, 5 U.S.C. § 5596 (1994), and the Contract Disputes Act, 41 U.S.C. §§ 601-613 (1994), as giving the Court of Federal Claims jurisdiction over her complaint. She cites Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17 (1994), the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (1994), and several amendments to the Constitution as entitling her to monetary compensation.
 
 
 4
 Construing her claims liberally because she acted pro se, the Court of Federal Claims concluded that it lacked jurisdiction over Ms. Boddie's claims. We affirm, but on the alternative ground that she failed to state a claim upon which relief may be granted.
 
 II.
 
 5
 Of the three statutes Ms. Boddie cites as creating jurisdiction in the Court of Federal Claims, only one applies. The Back Pay Act is not a jurisdictional statute. See Spagnola v. Stockman, 732 F.2d 908, 912 (Fed.Cir.1984); United States v. Connolly, 716 F.2d 882, 887 (Fed Cir.1983), cert. denied, 465 U.S. 1065 (1984). The Contract Disputes Act is not applicable to Ms. Boddie's claim, which does not deal with a government contract.
 
 
 6
 The Tucker Act does confer jurisdiction on the Court of Federal Claims, but "it does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). As a result, to state a claim upon which relief may be granted, Ms. Boddie would have had to invoke another statute or constitutional provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." Eastport S.S. Corp. v. United States, 372 F.2d 1002, 1009 (Ct.Cl.1967).
 
 
 7
 Neither the Americans with Disabilities Act nor the Civil Rights Act so mandates compensation. The Americans with Disabilities Act does not cover the federal government. See 42 U.S.C. §§ 12111(2), (5), 12112 (1994). The Court of Federal Claims has no authority to award relief under the Civil Rights Act, since the United States District Courts have exclusive jurisdiction over claims under that act. See Bunch v. United States, 33 Fed. Cl. 337, 341 (1995), aff'd, 78 F.3d 605 (Fed.Cir.1996).
 
 
 8
 None of the constitutional amendments Ms. Boddie invokes "contain[s] language which could fairly be interpreted as mandating recovery of compensation from the government." Cummings v. United States, 17 Cl.Ct. 475, 479 (1989), aff'd, 904 F.2d 45 (Fed.Cir.1990). Accordingly, Ms. Boddie has not stated a claim upon which the Court of Federal Claims could grant relief, and that court correctly dismissed her complaint.