NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JANICE STEVENSON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2025-1478

_____

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00016-PSH, Judge Philip S. Hadji.

_____

Decided:  October 15, 2025

_____

JANICE W. STEVENSON, Gloucester, MA, pro se.

TARA K. HOGAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by PATRICIA M. MCCARTHY, YAAKOV ROTH.

_____

Before MOORE, *Chief Judge*, PROST and TARANTO, *Circuit Judges*.

PER CURIAM.

Janice Stevenson appeals a Court of Federal Claims decision dismissing her complaint for lack of jurisdiction. We *affirm*.

## BACKGROUND

Ms. Stevenson is a legally blind enrollee in a cybersecurity training program offered by Per Scholas, a nonprofit organization receiving federal funds under the Workforce Innovation and Opportunity Act (WIOA).   S. Appx. 1; S. Appx. 10.[1]  Despite federal requirements to accommodate disabled individuals, Per Scholas allegedly denied Ms. Stevenson's requests for screen-reading software, accessible course materials, and extended time for assignments.   S. Appx. 13–15.   Ms. Stevenson contends Per Scholas deprived her of the educational and employment benefits the federal funding intended, resulting in financial harm and lost career opportunities.  S. Appx. 1; S. Appx. 16–17.   She filed a complaint in the Court of Federal Claims asserting claims under the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), and WIOA. S. Appx. 1; S. Appx. 9.  She further asserted Per Scholas' failure to provide reasonable accommodations constituted a constructive taking under the Fifth Amendment. S. Appx. 2–3, 10–11.  The Court of Federal Claims dismissed for lack of jurisdiction.  S. Appx. 1–3.  Ms. Stevenson appeals.   We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims' dismissal for lack of subject matter jurisdiction de novo. *Allen v. United States*, 88 F.4th 983, 986 (Fed. Cir. 2023).  The petitioner

---

[1]   "S. Appx." refers to the supplemental appendix attached to Respondent's brief.

bears the burden to establish jurisdiction by a preponderance of the evidence. *Allen*, 88 F.4th at 986. We review the Court of Federal Claims' decision whether to transfer the case for abuse of discretion. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008).

The Court of Federal Claims determined Ms. Stevenson's allegations implicated conduct by a private entity, not the United States, and that no statute she cited was money mandating under the Tucker Act. S. Appx. 2–3. The Court of Federal Claims further determined her attempt to reframe her claims as a Fifth Amendment taking failed to identify a cognizable property interest. *Id.* As a result, the Court of Federal Claims held the relief Ms. Stevenson sought fell outside its jurisdiction. S. Appx. 3. We agree. Even under the liberal construction afforded to pro se litigants, Ms. Stevenson's complaint does not allege facts sufficient to establish jurisdiction over any of her claims.

First, under the Tucker Act, the Court of Federal Claims lacks jurisdiction over claims against any party other than the United States. 28 U.S.C. § 1491 (conferring jurisdiction over "any claim against the United States" alone). Ms. Stevenson argues the Tucker Act's jurisdictional reach extends to Per Scholas as a recipient of federal funds. Petitioner's Br. 6. But the Tucker Act does not distinguish between private parties based on whether, or the extent to which, they received federal funds. *See* 28 U.S.C. § 1491. Further, Ms. Stevenson's complaint does not name the United States as a defendant. S. Appx. 8. Instead, it names Per Scholas and two government officials. The Tucker Act, however, "grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997); *see* 28 U.S.C. § 1491(a). The Court of Federal Claims therefore correctly dismissed the case because it has no jurisdiction over claims against private entities or government officials.

Second, the Court of Federal Claims lacks jurisdiction over Ms. Stevenson's claims under the ADA and RA. S. Appx. 9. Ms. Stevenson argues Per Scholas discriminated against her by refusing to accommodate her impaired vision, and that the ADA and RA guaranteed her meaningful participation in the federally funded program. Petitioner's Br. 6–7; S. Appx. 14–15. But neither statute is money mandating under the Tucker Act because they do not "mandat[e] compensation by the Federal Government for the damages sustained." *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *Eastport Steamship Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)); *Lane v. Pena*, 518 U.S. 187 (1996) (establishing that § 504(a) of the RA is not money mandating); *see* 42 U.S.C. §§ 12111(2), (5), 12112 (establishing that the ADA is not money mandating as it omits the federal government from an enumerated list of covered entities). As non-money-mandating sources, those statutes cannot create jurisdiction for the Court of Federal Claims. *Boddie v. United States*, 86 F.3d 1178, 1996 WL 252832, at *2 (Fed. Cir. May 14,1996) (affirming dismissal of petitioner's complaint because non-money-mandating sources could not substantiate a "claim upon which the Court of Federal Claims [can] grant relief"). Accordingly, the Court of Federal Claims correctly dismissed those claims for lack of jurisdiction. S. Appx. 2.

Third, Ms. Stevenson's reliance on the WIOA does not grant the Court of Federal Claims jurisdiction. S. Appx. 9. Ms. Stevenson maintains WIOA's grant funding structure imposed enforceable obligations to provide accessible training opportunities. Petitioner's Br. 8–10. Per Scholas allegedly disregarded its obligations, ultimately depriving Ms. Stevenson of federally supported educational and employment benefits. Petitioner's Br. 14, 16–17. Yet WIOA expressly disclaims any individual entitlement to services and provides no private right of action. 29 U.S.C. § 3254(12). Because it creates no right to money damages from any party, let alone the United States, it is non-

money-mandating under the Tucker Act. Thus, the Court of Federal Claims correctly determined it could not exercise jurisdiction over Ms. Stevenson's alleged WIOA violation.

Fourth, Ms. Stevenson's constructive takings theory does not grant the Court of Federal Claims jurisdiction. S. Appx. 8. Ms. Stevenson argues she had a cognizable property interest in federally guaranteed educational benefits, including their attendant economic opportunities. Petitioner's Br. 12–13. In her view, the United States' inaction after Per Scholas denied her disability accommodations amounted to a deprivation of those interests without just compensation. Petitioner's Br. 13–15. But government inaction cannot support a takings claim. *St. Bernard Par. Gov't v. United States*, 887 F.3d 1354, 1360 (Fed. Cir. 2018) ("On a takings theory, the government cannot be liable for failure to act, but only for affirmative acts by the government."). The Court of Federal Claims correctly determined that the alleged deprivation stemmed from Per Scholas rather than any government action. S. Appx. 2–3. Without a government-attributable taking, the Court of Federal Claims cannot exercise jurisdiction over this claim.

Finally, the Court of Federal Claims lacked jurisdiction over Ms. Stevenson's implied-in-fact contract claim. Petitioner's Br. 8–11. On appeal, Ms. Stevenson argues her enrollment in a federally funded program created an implied-in-fact contract with the United States through Per Scholas as the agent. *Id.* She further maintained the federal government's oversight and accessibility requirements signified mutual intent to contract. Petitioner's Br. 9–10. Ms. Stevenson's complaint, however, did not plausibly plead a breach of contract theory. *See generally* S. Appx. 8–22 (neglecting to mention the word "contract" and using "breach" only in the limited context of Per Scholas' distinct fiduciary duty to students). Nor does her complaint plead the specific implied-in-fact breach of contract theory she improperly introduced on appeal. *Kachanis v. Dep't of Treasury*, 212 F.3d 1289, 1293 (Fed. Cir. 2000)

("[A]ppellants may not raise issues on appeal for the first time."). Even if she had, that cause of action would have been futile because WIOA forecloses individual entitlement to such a claim. 29 U.S.C. § 3254(12). Thus, Ms. Stevenson's breach-of-contract claim as pleaded does not fall within the Court of Federal Claims' jurisdiction.

The Court of Federal Claims also did not abuse its discretion by dismissing her case rather than transferring it under 28 U.S.C. § 1631. Ms. Stevenson argues that, even if jurisdiction were lacking, the Court of Federal Claims should have transferred the case to a district court in the interest of justice, emphasizing her pro se status, her disability, and that her claims relied on statutes typically adjudicated in district courts. Petitioner's Br. 18. The Court of Federal Claims did not abuse its discretion in not transferring this case given that Ms. Stevenson first requested transfer on appeal to this Court. *See Kachanis*, 212 F.3d at 1293.

## CONCLUSION

We have considered Ms. Stevenson's remaining arguments and find them unpersuasive. Accordingly, we *affirm*.

## **AFFIRMED**

### COSTS

No costs.